1    RUSSELL J. FRACKMAN (SBN 49087)
        rjf@msk.com
2    MITCHELL SILBERBERG & KNUPP LLP
     11377 West Olympic Boulevard
3    Los Angeles, CA  90064-1683
     Telephone: (310) 312-2000
4    Facsimile: (310) 312-3100

5    Attorneys for Defendants

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   MRC II DISTRIBUTION COMPANY,        CASE NO. CV 12 03539 ODW (JCGX)
     L.P., a Delaware Limited Partnership;
12   OAKTREE ENTERTAINMENT, INC.,        Honorable Otis D. Wright, II
     a Delaware Corporation,
13               Plaintiffs,
            v.
14   LAURA ARCHER DICK COELHO, as        **DEFENDANTS' NOTICE OF
     Trustee and Beneficiary of the Philip K.    MOTION AND MOTION TO
15   Dick Testamentary Trust; ISOLDE     DISMISS OR, ALTERNATIVELY,
     FREYA DICK HACKETT, as              TO STAY THE ACTION;
16   Beneficiary of the Philip K. Dick    MEMORANDUM OF POINTS AND
     Testamentary Trust; CHRISTOPHER     AUTHORITIES IN SUPPORT
17   KENNETH DICK, as Beneficiary of      THEREOF**
     the Philip K. Dick Testamentary Trust;
18   and DOES 1-10, inclusive,           **[Fed. R. Civ. P. 12(b)(1)]**
                 Defendants.
19

20                                        Date:    July 30, 2012
                                          Time:    1:30 p.m.
21                                        Ctrm:    11

22

23

24

25

26

27

Mitchell
Silberberg &   28
Knupp LLP

4635735.3

# NOTICE OF MOTION

## TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 30, 2012, at 1:30 p.m. or such other date as shall be set by the Court, in Courtroom 11 in the United States District Court for the Central District of California located at 312 North Spring Street, Los Angeles, California 90012, the Honorable Otis D. Wright, II presiding, Defendants Laura Archer Dick Coelho, as Trustee and Beneficiary of the Philip K. Dick Testamentary Trust; Isolde Freya Dick Hackett, as Beneficiary of the Philip K. Dick Testamentary Trust; and Christopher Kenneth Dick, as Beneficiary of the Philip K. Dick Testamentary Trust (collectively "Defendants") will and hereby do move the Court for an Order pursuant to Federal Rule of Civil Procedure 12(b)(1) dismissing the complaint filed by Plaintiffs MRC II Distribution Company, L.P., and Oaktree Entertainment, Inc. (collectively "Plaintiffs") or staying this action, on the grounds that:

(1)    The Court does not have jurisdiction over the complaint because it does not plead an actual case or controversy and is not an action that arises under the Copyright Act.

(2)    Alternatively, the Court should exercise its broad discretion under the Declaratory Judgment Act to stay this action pending resolution of the action in the California Superior Court entitled *Laura Archer Dick Coelho, as Trustee of the Philip K. Dick Testamentary Trust v. MRC II Distribution Co., L.P., et al,* No. BC 483405 (Cal. filed April 23, 2012). That Court has jurisdiction to decide the issue raised by the Complaint here and is the only forum in which all claims and issues among all the parties can be adjudicated and that can provide all appropriate relief.

Mitchell
Silberberg &
Knupp LLP

4635735.3

1   This Motion is based upon this Notice, the attached Memorandum of Points

2   and Authorities, the concurrently-filed Declaration of Christopher Tricarico and

3   Request for Judicial Notice, all papers and pleadings on file herein, and on such

4   other oral and documentary evidence as the Court may receive at or before the

5   hearing on this Motion.

6       **PLEASE TAKE FURTHER NOTICE** that this Motion is made following

7   the conference of counsel pursuant to Local Rule 7-3, which took place on May 25,

8   2012.

9

10  DATED:  June 5, 2012                    RUSSELL J. FRACKMAN
                                            MITCHELL SILBERBERG & KNUPP LLP

11

12                                          By: _____

13                                              Russell J. Frackman
                                                Attorneys for Defendants

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION ................................................................................................1

Introduction ................................................................................................................1

I.    SUMMARY OF FACTS ...................................................................................1

II.    LEGAL STANDARD ......................................................................................4

III.   THIS ACTION SHOULD BE DISMISSED OR, ALTERNATIVELY, THE COURT SHOULD STAY THE ACTION PENDING RESOLUTION OF THE STATE COURT ACTION. ...................................5

    A.    The Declaratory Relief Action Does Not Present a Case or Controversy Arising Under the Copyright Act. ...................................5

    B.    If It Becomes Necessary To Do So, The State Court Is The Proper Court to Adjudicate the Issue Raised Here And Is The Only Forum That Can Fully Adjudicate All Claims And Defenses Among All Parties. ......................................................................................................6

    C.    The Court Should Exercise Its Discretion To Stay or Dismiss This Action. ...........................................................................................11

Conclusion ................................................................................................................14

Mitchell
Silberberg &
Knupp LLP

4635735.3

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*American Harley Corp. v. Irvin Industries, Inc.*,
27 N.Y. 2d 168, 315 N.Y.S. 2d 129 (Ct. App. 1970) ........................................7

*Centennial Life Ins. Co. v. Postin*,
88 F.3d 255 (4th Cir. 1996) ...................................................................10, 13

*Durgom v. Janowiak*,
74 Cal. App. 4th 178 (1999) ........................................................................7

*Estate of Migliacco v. Midland Nat'l Life Ins. Co.*,
436 F. Supp. 2d 1095 (C.D. Cal. 2006) ..........................................................8

*Geni-Chlor Int'l, Inc. v. Multisonics Dev. Corp.*,
580 F.2d 981 (9th Cir. 1978) ...................................................................12, 13

*Gribin v. Hammer Galleries*,
793 F. Supp. 223 (C.D. Cal. 1992) ...............................................................13

*John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*,
2011 U.S. Dist. LEXIS 127635 (S.D.N.Y. Nov. 2, 2011) ............................6, 11

*Keith v. Scruggs*,
507 F. Supp. 968 (S.D.N.Y. 1981) .............................................................6, 13

*Lear Siegler, Inc. v. Adkins*,
330 F.2d 595 (9th Cir. 1964) ...............................................................11, 12, 13

*McMorgan & Co. v. First Cal. Mortgage Co.*,
916 F. Supp. 966 (N.D. Cal. 1995) ...............................................................4

*Navarro Savings Ass'n v. Lee*,
446 U.S. 458, 100 S.Ct. 1779, 64 L.Ed. 2d 425 (1980) ...................................8

*Newton v. State Farm Fire & Cas. Co.*,
138 F.R.D. 76 (E.D. Va. 1991) ...................................................................11

*O'Bryan v. Holy See*,
556 F.3d 361 (6th Cir. 2009) ........................................................................5

*Olcott Int'l & Co. v. Micro DataBase Systems, Inc.*,
   2000 WL 892874 (S.D. Ind. June 29, 2000) ................................................11, 13

*Peay v. Morton*,
   571 F. Supp. 108 (M.D. Tenn. 1983) ...............................................................7

*Procter & Gamble Co. v. Kimberly-Clark Corp.*,
   684 F. Supp. 1403 (N.D. Tex 1987) ...............................................................8

*Product Engineering and Manufacturing, Inc. v. Barnes*,
   424 F.2d 42 (10th Cir. 1970) ......................................................................13

*Safe Air for Everyone v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) ......................................................................5

*Sakkis v. Artisan Pictures, Inc.*,
   2008 WL 683388 (C.D. Cal. Mar. 11, 2008) ..............................................13

*Solin v. National Ass'n of Securities Dealers, Inc.*,
   2006 WL 223156 (S.D.N.Y. Jan. 27, 2006) ..................................................6

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
   873 F.2d 1221 (9th Cir. 1989) ......................................................................4

*Texas v. West Publishing Co.*,
   882 F.2d 171 (5th Cir. 1989) ........................................................................6

*The Saturday Evening Post Co., v. Rumble Seat Press., Inc.*,
   816 F.2d 1191 (7th Cir. 1987) ......................................................................7

*Veoh Networks, Inc. v. UMG Recordings, Inc.*,
   522 F. Supp. 2d 1265 (S.D. Cal. 2007) ......................................................13

*Warner Bros. Records, Inc. v. R.A. Ridges Distrib. Co., Inc.*,
   475 F.2d 262 (10th Cir. 1973) ....................................................................13

*Warren v. Fox Family Worldwide, Inc.*,
   328 F.3d 1136 (9th Cir. 2003) ......................................................................4

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995) ..............................5, 14

Mitchell
Silberberg &
Knupp LLP

4635735.3

**Notice of Motion and Motion to Dismiss**

# FEDERAL RULES

Rule 12(b)(1)................................................................4

# OTHER AUTHORITIES

4 M.&D. Nimmer, Nimmer On Copyright ................................................6

4 Restatement (Second) of Trusts § 103 ................................8

Eric J. Schwartz, Understanding Basic Copyright Law ................................9

French Code of Intellecutal Property, Art. L123-1 (June 1, 2012) ........................10

Robert A. Gorman, Jane C. Ginsburg & R Anthony Reese, Copyright, (8th ed. 2011)................................................................9

**Notice of Motion and Motion to Dismiss**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

On April 23, 2012, of this year the Philip K. Dick Testamentary Trust ("Trust") filed an action in Los Angeles Superior Court for breach of contract, money had and received, quantum meruit, unjust enrichment, and an accounting. *Laura Archer Dick Coelho, as Trustee of the Philip K. Dick Testamentary Trust v. MRC II Distribution Co., L.P., et al,* No. BC 483405 (Cal. filed April 23, 2012) ("State Action"). *See* Request for Judicial Notice, Ex. 2.  One day after the State Action was filed, this lawsuit for declaratory relief was filed by **two** of the five defendants in the State Action, MRC II Distribution Company L.P. and Oaktree Entertainment, Inc. ("the MRC Parties") ("Declaratory Relief Action").  The only reason for the Declaratory Relief Action is to anticipate **one** defense that the Plaintiffs here plan to assert to the state court breach of contract cause of action. However, both federal and state courts repeatedly have reaffirmed that the defense of copyright invalidity (and patent invalidity) and other defenses involving copyrights or patents, not only can be but should be litigated in a state court where they are purported defenses to a pending breach of contract claim.  That is even more appropriate where, as here, only the state court can provide full relief on all claims and decide all issues among all of the parties.

## I.      SUMMARY OF FACTS

The salient facts alleged in this Declaratory Relief action repeat some of the allegations in the State Action breach of contract cause of action.  The following is a summary:

The Adjustment Team Agreement: On May 23, 2001, the Trust entered into a written agreement with George Nolfi granting him an option to purchase the motion picture rights to the Philip K. Dick short story, Adjustment Team.  State Action

¶ 12; Declaratory Relief Action ¶¶ 2, 7 (the "Adjustment Team Agreement"). *See* Request for Judicial Notice, Ex. 1. The Adjustment Team Agreement also provided the right to use the famous Philip K. Dick name and brand and associated goodwill in advertising, promoting, and marketing a movie based on Adjustment Team. State Action ¶ 22. Nolfi and the Trust entered into three written amendments dated as of November 10, 2004, as of January 25, 2007, and as of April 25, 2008. State Action ¶ 14; Declaratory Relief Action ¶ 18. On June 19, 2009, the Trust was informed that by an agreement dated April 20, 2009, Nolfi had assigned all rights in the Adjustment Team Agreement to Oaktree Entertainment, a subsidiary of MRC II Distribution and that Oaktree Entertainment was exercising the option to purchase the motion picture rights in Adjustment Team. State Action ¶ 16; Declaratory Relief Action ¶¶ 19, 21. Based on the Adjustment Team story, a motion picture entitled "The Adjustment Bureau" was made by the MRC Parties and initially released theatrically in the U.S. in March 2011, and in more than 40 other countries between March and June 2011. Declaratory Relief Action ¶ 22. To date, the "The Adjustment Bureau" motion picture has generated approximately $128 million in worldwide box office receipts, a reported $10 million in domestic DVD sales, and additional monies in international DVD sales. State Action ¶ 27.

The State Action: The State Action names as defendants MRC II Distribution Company L.P. and Oaktree Entertainment, Inc., the plaintiffs here, and also MRC II Holdings L.P., and two individuals, George Nolfi, the director and producer of "The Adjustment Bureau" who entered into the Adjustment Team Agreement with the Trust, and Michael Hackett, Nolfi's producing partner. It alleges that the defendants breached the Adjustment Team Agreement in several ways by failing to provide accounting statements to the Trust, failing to make required payments to the Trust, failing to negotiate in good faith a "net profits" definition as required and to calculate "net profits" in which the Trust was to share, and by demanding return of prior payments paid to the Trust. The State Action also seeks recovery on several

causes of action for extra-contractual benefits provided to the defendants *in addition to* the motion picture rights to Adjustment Team.  These included assistance and creative participation in helping to adapt the Adjustment Team story for the screen; reading and providing input to versions of the script; and providing marketing support and promoting the movie.  The State Action requests compensatory damages, restitution, and an accounting.[1]  Just days after the State Action was filed, MRC II Distribution served on the Trust sets of document demands, requests for admission, and interrogatories.  The Trust has since responded to those requests, made an initial document production, and served its own written discovery.  *See* Tricarico Decl. at 6.

The Declaratory Relief Action:  This Declaratory Relief Action requests a declaration that the copyright in Adjustment Team is in the public domain in the United States and "other international territories." There can be only one (transparent) purpose for the Declaratory Relief Action - - to anticipate one of the defenses that it asserts to the Trust's breach of contract cause of action in the State Action, *i.e.*, that the MRC Parties are excused from performance because the Trust allegedly breached a contractual warranty and representation. *See, e.g.*, Declaratory Relief Action ¶ 2 (the "Trust had falsely represented and warranted"); ¶ 3 (MRC Parties "put the Trust on notice of their claim that the Trust had breached its representations and warranties"); ¶ 24 (alleging that the Trust's representations and warranties in the Adjustment Team Agreement were false); ¶ 27 (MRC Parties "put

---

[1] Previously, on or about October 27, 2011, the Trust had filed an action in this Court against MRC II Distribution L.P., Oaktree Entertainment, Inc., MRC II Holdings LP, George Nolfi, and Michael Hackett, No. CV 11-8913 ODW (JCGx). On February 8, 2012, the Court dismissed the state court claims for lack of subject matter jurisdiction.  The Court retained what it referred to as the "peculiar cause of action request[ing] the court to determine whether the Adjustment Team is in the public domain".  Noting "the relative unimportance of the copyright in this dispute," the Court dismissed the state law claims.  Order re Defendants' Motions to Dismiss, dated February 8, 2012. *See* Request for Judicial Notice, Ex. 3.  As a result, on February 17, 2012, the Trust voluntarily dismissed the remaining claim for declaratory relief to permit all claims based on the same series of transactions and involving the same parties to be litigated in the single forum of the state court, if the matter was not resolved.

**Notice of Motion and Motion to Dismiss**

Mitchell
Silberberg &
Knupp LLP

4635735.3

1   [the Trust] on notice … that the Trust had breached its representations and
2   warranties.").

3     The Declaratory Relief Action is artfully pleaded but, tellingly, does **not**
4   allege that there is now, nor has there ever been, a threat that the Trust will file an
5   infringement action against the MRC Parties, that the Trust will seek to stop or
6   enjoin distribution of the "The Adjustment Bureau" motion picture, that the Trust
7   threatens to terminate the Adjustment Team Agreement, or that the MRC Parties
8   seek rescission.  In fact, the opposite is the case – the Trust is seeking to enforce the
9   terms of the Adjustment Team Agreement while at the same time allowing the MRC
10  Parties to continue exploiting the rights to the Adjustment Team story.

11    The Court should dismiss or stay this action because (1) Plaintiff's unusual
12  declaratory relief claim does not deal with an actual infringement controversy or
13  potential claim; therefore, there is no reason for the status of the Adjustment Team
14  to be addressed other than in the context of an alleged defense in the State Action;
15  and (2) the State Action is the only forum that can decide all claims among all
16  parties, including the copyright validity issue, **if necessary**.

17

18  ## II. LEGAL STANDARD

19    <u>Rule 12(b)(1)</u>:  The plaintiff bears the burden of establishing subject matter
20  jurisdiction.  In effect, the court presumes *lack* of jurisdiction until the plaintiff
21  proves otherwise.  *Stock West, Inc. v. Confederated Tribes of the Colville*
22  *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) motion to
23  dismiss for lack of subject matter jurisdiction may be made on the basis that lack of
24  federal jurisdiction appears from the face of the complaint or based on extrinsic
25  evidence.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.
26  2003); *McMorgan & Co. v. First Cal. Mortgage Co.*, 916 F. Supp. 966, 973 (N.D.
27  Cal. 1995).  Where the complaint is attacked on its face, the Court must consider the
28  allegations of the complaint as true.  Where the complaint is attacked factually, the

1  Court determines the facts for itself.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

2  1039 (9th Cir. 2004).  The Court need not accept as true legal conclusions, legal

3  conclusions couched as factual allegations, or inferences that are unsupported by the

4  facts set out in the complaint.  *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir.

5  2009).

6      Stay of Declaratory Relief Action:  Even where the district court has subject

7  matter jurisdiction, it has uniquely broad discretion to elect not to entertain a claim

8  for declaratory relief or to stay an action pending the disposition of a state court

9  action.  *See, e.g., Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132

10  L.Ed. 2d 214 (1995) ("Since its inception, the Declaratory Judgment Act has been

11  understood to confer on federal courts unique and substantial discretion in deciding

12  whether to declare the rights of litigants.").

13

14  **III.   THIS ACTION SHOULD BE DISMISSED OR, ALTERNATIVELY,**

15      **THE COURT SHOULD STAY THE ACTION PENDING**

16      **RESOLUTION OF THE STATE COURT ACTION.**

17      **A.   The Declaratory Relief Action Does Not Present a Case or**

18          **Controversy Arising Under the Copyright Act.**

19      The Declaratory Relief Action does ***not*** allege that the Trust is now

20  threatening, or ever has threatened, to sue the plaintiffs here for violation of any

21  copyright interest.  It does not allege that the Trust is seeking to terminate the

22  Adjustment Team Agreement.  Nor does it allege that the MRC Parties'

23  performance is excused or seek to rescind the Adjustment Team Agreement (which,

24  given the history and circumstances, it could not do).  Rather, the Adjustment Team

25  Agreement is 11 years old, "The Adjustment Bureau" was first released over a year

26  ago and thus far reportedly has received more than $100 million in receipts.  The

27  MRC Parties are continuing to exploit the rights, including the copyright interests,

28  granted by the Adjustment Team Agreement.  ***The Trust is seeking to enforce the***

1   ***Adjustment Team Agreement, not terminate it or sue for copyright infringement***.

2   Therefore, the MRC Parties seek a declaration absent a case or controversy arising

3   under the Copyright Act and the Court lacks subject matter jurisdiction.  *See, e.g.,*

4   *Texas v. West Publishing Co.*, 882 F.2d 171 (5th Cir. 1989) (dismissing declaratory

5   relief claim on validity of copyrights for lack of "actual controversy"); *Solin v.*

6   *National Ass'n of Securities Dealers, Inc.*, 2006 WL 223156 (S.D.N.Y. Jan. 27,

7   2006) (no case or controversy where defendants have not shown apprehension it will

8   face an infringement suit); *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, 2011

9   U.S. Dist. LEXIS 127635 at *19 (S.D.N.Y. Nov. 2, 2011) (dismissing declaratory

10  relief claim noting the declaratory relief plaintiff "does not seek a declaration of that

11  is has not infringed on … copyrights"); *Keith v. Scruggs*, 507 F. Supp. 968, 970

12  (S.D.N.Y. 1981) (complaint requesting declaration of co-ownership of copyright

13  does not arise under the Copyright Act).[2]

14      **B.**     **If It Becomes Necessary To Do So, The State Court Is The Proper**

15              **Court to Adjudicate the Issue Raised Here And Is The Only Forum**

16              **That Can Fully Adjudicate All Claims And Defenses Among All**

17              **Parties.**

18          Not every case involving copyrights can or must be brought in federal court.

19  The state courts have jurisdiction where, as here, issues relating to the existence,

20  validity or scope of copyrights or patents are alleged defenses to state law contract

21  actions.  "State courts are competent to resolve disputes likely to be dominated by

22  ordinary contract principles … even though in particular cases issues of federal

23  copyright law may come in by way of defense or counterclaim…. [I]f the state

24  court is not allowed to decide federal defenses, the litigation will be split up in

25  uneconomical fashion."  *The Saturday Evening Post Co., v. Rumble Seat Press.*,

26

27  _____
[2]  In addition, the federal courts do not have exclusive jurisdiction over foreign copyright claims. 4 M.&D. Nimmer, <u>Nimmer On Copyright</u>, § 17.03 at 17-22 n.2 (2011) (ordinarily a state court would have jurisdiction over an action for infringement of a foreign copyright law).

28

Mitchell
Silberberg &
Knupp LLP

4635735.3

**Notice of Motion and Motion to Dismiss**

1  *Inc.*, 816 F.2d 1191, 1194 (7th Cir. 1987) (internal citation omitted).  That is

2  precisely the situation here.  *See Peay v. Morton*, 571 F. Supp. 108, 112 (M.D. Tenn.

3  1983) ("Jurisdiction lies with the state courts in an action to enforce contractual

4  rights or to establish title to a work … even when disposition of such an action will

5  require determination of questions of copyright law.") (internal citation omitted);

6  *see also Durgom v. Janowiak*, 74 Cal. App. 4th 178, 180, 184 (1999) (holding that a

7  federal defense does not permit removal to federal court "even if both parties

8  concede that the federal defense is the only question truly at issue"; and that "[s]tate

9  courts are fully competent to adjudicate state-law breach of contract claims, even

10  where the underlying contract involves the ownership, assignment, or license of a

11  copyright"); *American Harley Corp. v. Irvin Industries, Inc.*, 27 N.Y. 2d 168, 173,

12  315 N.Y.S. 2d 129 (Ct. App. 1970) ("it is clear that 'the state court can, where it

13  becomes necessary for it to do so in order to decide the case  before it, pass upon the

14  meaning, the scope, the validity, or the infringement of the patent'").[3]

15       Moreover, not only can the issue of the copyright status of the Adjustment

16  Team be litigated in the State Action if it is necessary to do so, as discussed

17  hereafter, it is the ***only*** forum that has before it all parties, claims, issues, defenses,

18  and remedies:

19       **The Parties**:  MRC II and Oaktree are parties to both the State Action (as

20  defendants) and the Declaratory Relief Action (as plaintiffs).  However, Nolfi,

21  Hackett, and MRC II Holdings L.P. are parties (defendants) ***only*** to the State Action.

22  Although Nolfi is the person who entered into the Adjustment Team Agreement

23  with the Trust and to whom the alleged misrepresentation concerning the status of

24  the copyright in Adjustment Team was made, he is not a party to this action, the

25

---

26  [3]   In fact, months before filing this action and before the filing by the Trust of its
previously dismissed action in this Court, the MRC Parties themselves prepared and

27  sent to the Trust a complaint for breach of contract and fraud, raising, among other
things, the copyright validity issue here and threatening to file it in ***state court***.

28  Tricarico Decl. at ¶ 5.

very action that seeks a declaration that the representation made to him was false. The Trust is a party to both actions, as a defendant in the Declaratory Relief Action and as the plaintiff in the State Action. [4]

**The Claims**:  Initially, it is important that the State Action breach of contract cause of action can be decided without reaching the public domain status of Adjustment Team, and whether or not the representation and warranty in the Adjustment Team Agreement was incorrect.[5]  For example, the first page of the Adjustment Team Agreement specifically provides as a "condition precedent" that Nolfi has approved "the chain of the title of [Adjustment Team] in form and substance satisfactory to [him]."  The claim asserted here, that the Adjustment Team was in the public domain, was not raised by Nolfi or by his successors until many years later, after they had made and released "The Adjustment Bureau," and profited hugely from it.  Therefore, the State Action raises issues such as waiver, estoppel, and laches, on which the Trust could prevail, and that would result in the Adjustment Team Agreement being enforceable ***whether or not*** the Adjustment Team was in the public domain.

Moreover, the MRC Parties received the full benefit of the bargain – and continue to do so.  They released "The Adjustment Bureau" throughout the world

---

[4]   For reasons not explained, also named as defendants in the Declaratory Relief Action are the individual beneficiaries of the Trust, who are not the owners of the copyright in Adjustment Team, were not the contracting parties to the Adjustment Team Agreement, did not receive payment under that agreement, and are not alleged to have made any misrepresentation.  They cannot be liable to the MRC Parties. *See* 4 Restatement (Second) of Trusts § 103, Comment b (2012) ("a beneficiary ordinarily is not liable on a contract entered into … by the trustee").  They are not the real parties in interest. *See, e.g., Procter & Gamble Co. v. Kimberly-Clark Corp.*, 684 F. Supp. 1403 (N.D. Tex 1987) (assignor of patent is not a necessary or proper party); *see also Estate of Migliacco v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) ("As to claims held by an estate or trust, the *executor, administrator or trustee is the real party in interest*") (emphasis in original); *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 465, 100 S.Ct. 1779, 64 L.Ed. 2d 425 (1980) (trustees who have legal title, manage the assets, and control the litigation are "real parties to the controversy").

[5]   This Court recognized that fact in the Order dismissing the previously filed action, finding that there was  "nothing in Plaintiff's pleading to suggest that the contract becomes void or otherwise unenforceable if the copyright is rendered invalid."  Order re Defendants' Motion to Dismiss, dated February 8, 2012, at 4.

Mitchell
Silberberg &
Knupp LLP

4635735.3

without competition.  No one else has made a movie based on the alleged public domain status of Adjustment Team, or threatened to do so.  The MRC Parties have not suffered any damage as the result of any alleged breach by the Trust and, in fact, have benefitted from the additional services provided by the Trust's representatives and by the use of the Philip K. Dick name to market, advertise, and promote their movie.  Under these circumstances, any breach of the Adjustment Team Agreement would be immaterial, harmless or moot, and the state court could find that the copyright validity issue need never be reached.

Further, in addition to causes of action for *several* breaches of contract, the State Action also includes causes of action for money had and received, quantum meruit, and unjust enrichment based on services rendered and value provided in connection with the "The Adjustment Bureau" movie outside the contractual requirements.  These claims, too, can be decided without reaching the issue of the U.S. copyright status of The Adjustment Team.  But, even assuming that issue is reached, and even assuming (but not conceding) the Adjustment Team was determined to be in the public domain, those claims would remain to be litigated.

This Court will not be in a position to decide all issues resulting from the status of Adjustment Team for an additional reason.  Although the Trust believes that the Adjustment Team is protected under U.S. copyright law *and* in foreign territories, the predicate of the MRC Parties' position here – that the copyright registration was not properly renewed – has no applicability outside the U.S.[6]  If the Adjustment Team is protected in all or even some jurisdictions outside the U.S., the

---

[6] *See, e.g.*, Eric J. Schwartz, Understanding Basic Copyright Law, 2009 Practising Law Institute, at 159 ("Under the 'independence of protection' doctrine, the fact that a work is protected in one country (or is public domain) is not necessarily determinative of its protection or lack thereof in any other country."); Robert A. Gorman, Jane C. Ginsburg & R. Anthony Reese, Copyright, at 491 (8th ed. 2011). (The U.S.'s "imposition of formalities marked it off … from most of the other major publishing nations of the world, who [have] rejected any characterization of formalities as constitutive of copyright.").  Thus, for example, France's term of copyright protection is life of the author plus seventy years, with no renewal requirement.  French Code of Intellectual Property, Art. L123-1 (June 1, 2012).

1    court in the State Action would then have to decide what effect such protection has

2    on the Adjustment Team Agreement, including the value of providing the exclusive

3    motion picture rights to Adjustment Team in those territories where it is protected.

4    In fact, regardless of the copyright status in the U.S., the MRC Parties could not

5    have made and distributed "The Adjustment Bureau" in these foreign territories (and

6    therefore anywhere) without a license from the Trust.

7        **The Defenses**:  Presumably the MRC Parties will not rely solely on their

8    "public domain" defense and will assert additional defenses in the State Action,

9    deny that they have breached the Adjustment Team Agreement in any way, deny

10   that additional services were rendered, and contest the nature and amount of

11   damages.  The parties in the State Action who are not part of the Declaratory Relief

12   Action may have their own defenses and, moreover, necessarily will have to

13   themselves raise the "public domain" defense in the State Action.  The MRC Parties

14   also may file a cross-complaint, which will raise additional issues not before this

15   Court (for example, statute of limitations, waiver or estoppel).

16       **The Remedies**:  The State Action seeks compensatory damages, restitution,

17   and an accounting.

18       In sum, if this Court were to decide that Adjustment Team was in the public

19   domain in the U.S. and/or foreign territories many issues would still need to be

20   resolved in the State Action.  The same would be true if the decision here was that

21   Adjustment Team was *not* in the public domain.  On the other hand, the State

22   Action may not even need to reach this issue, thereby making this action

23   superfluous.  If it does reach this issue, the state court can adjudicate the entire

24   dispute and any judgment there will render this action moot.  Therefore, judicial

25   economy counsels that the State Action is the proper forum.  *See, e.g.*, *Centennial*

26   *Life Ins. Co. v. Postin*, 88 F.3d 255, 256 (4th Cir. 1996) (affirming dismissal of

27   declaratory relief complaint "[b]ecause a pending state action will resolve the issues

28   raised in the federal action, along with a number of issues not raised here."); *John*

1    *Wiley & Sons, Inc.*, 2011 U.S. Dist. Lexis 127635 at *15 ("One of the most

2    important considerations that may induce a court to deny declaratory relief is that

3    the judgment sought would not settle the controversy between the parties.") (internal

4    citation omitted); *Olcott Int'l & Co. v. Micro DataBase Systems, Inc.*, 2000 WL

5    892874 at *4 (S.D. Ind. June 29, 2000) ("Our consideration of the copyright

6    invalidity claim … would resolve only a portion of the dispute between the parties

7    (especially if those copyrights are found valid), a piecemeal resolution that could be

8    avoided by staying the federal court action and affording the state court the

9    opportunity to address the panoply of claims before it."); *Newton v. State Farm Fire*

10   *& Cas. Co.*, 138 F.R.D. 76, 79 (E.D. Va. 1991) (granting motion to dismiss

11   declaratory relief claim "as the case presently stands factually and procedurally,

12   declaratory relief will not terminate the dispute as to whether plaintiff's claim

13   requires payment from [defendant]…. The termination of the controversy is likely

14   to occur only in the breach of contract portion of the suit.").

15        **C.   The Court Should Exercise Its Discretion To Stay or Dismiss This**

16            **Action.**

17        Where a claim for declaratory relief on the issue of patent or copyright

18   invalidity is a defense (or a cross-complaint) to a state court breach of contract

19   action, the federal action should be stayed or dismissed.  Two cases in this Circuit

20   are illustrative and dispositive.

21        In *Lear Siegler, Inc. v. Adkins*, 330 F.2d 595 (9th Cir. 1964), the defendant

22   Adkins alleged in a complaint that was pending in the California Superior Court,

23   that the parties had entered into a written agreement under which Lear agreed to pay

24   royalties with respect to inventions devised by Adkins.  The state court action

25   further alleged that Lear breached that agreement in numerous respects including

26   failing to pay royalties, and that Lear was continuing to manufacture the products

27   for which royalties were owed.  In addition, the state court action asserted other

28   claims, including breach of a confidential relationship.  *Id.* at 597.  Lear then filed

Mitchell
Silberberg &
Knupp LLP

4635735.3

11

**Notice of Motion and Motion to Dismiss**

an action in the district court alleging that Adkins had claimed it was infringing his patents and alleging "16 reasons why it claims that the patent is invalid" (*id.*), and Lear sought a declaration to that effect and that Adkins had no right to demand royalties under their agreement.  The district court stayed the declaratory relief action.  The Ninth Circuit affirmed, holding that the stay was appropriate, even though it found that the district court had jurisdiction, because "in an action in a state court based upon an agreement, the state court can, where it becomes necessary for it to do so in order to decide the case before it, pass upon the meaning, the scope, the validity, or the infringement of the patent."  *Id.* at 600.

In *Geni-Chlor Int'l, Inc. v. Multisonics Dev. Corp.*, 580 F.2d 981 (9th Cir. 1978), the Court expanded on *Lear*.  The district court had denied a motion to stay or dismiss a complaint seeking a declaratory judgment that a specific patent was invalid, which was a defense to a pending state court action (to confirm an arbitration award based on the contract between the parties).  Stating that the "district court should have followed the example of the Lear district court" (*id.* at 984), the Ninth Circuit held that even though the district court had subject matter jurisdiction, it abused its discretion in failing to grant a stay:

> "Jurisdiction to enter a declaratory judgment, however, 'does not require that the court exercise it.  It has a judicial discretion to decline to grant such relief.'  This discretion should be employed to avoid uncoordinated and unnecessary disruptive adjudication of disputes in which state and federal issues are intertwined.  ***This is not accomplished when it is exercised in a manner that permits the declaratory judgment procedure to be used as a device to snatch from the state courts a dispute concerning obligation under a contract purporting to assign patent rights***."

1   *Id.* at 985 (internal citations omitted) (emphasis added).

2         The same analysis and result has been repeated often.  *See, e.g., Warner Bros.*

3   *Records, Inc. v. R.A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973)

4   ("It is fundamental that the action is not one arising under federal law where the

5   federal question is supplied by way of defense"); *Keith*, 507 F. Supp. at 970

6   (defense that defendant was a "worker for hire" under copyright law anticipates

7   affirmative defense to breach of contract action and cannot be relied upon to

8   establish federal jurisdiction); *Product Engineering and Manufacturing, Inc. v.*

9   *Barnes*, 424 F.2d 42, 43-44 (10th Cir. 1970) (affirming dismissal of declaratory

10  relief claim of patent invalidly as "no more than what would be a defense to a state

11  court contract action."); *Sakkis v. Artisan Pictures, Inc.*, 2008 WL 683388, at *4

12  (C.D. Cal. Mar. 11, 2008) ("to the extent that copyright infringement plays any role,

13  … it is as a defense to [the] underlying breach of contract claim.  As noted, a federal

14  defense, no matter how central to resolution of a case, does not create subject matter

15  jurisdiction."); *Veoh Networks, Inc. v. UMG Recordings, Inc.*, 522 F. Supp. 2d 1265,

16  1271 (S.D. Cal. 2007) (same); *Olcott Int'l*, 2000 WL 892874 (staying declaratory

17  relief action on claim of copyright invalidity when state court proceedings for

18  breach of contract pending); *Gribin v. Hammer Galleries*, 793 F. Supp. 223, 235

19  (C.D. Cal. 1992) ("Numerous courts have refused to grant declaratory relief to a

20  party who has come to the court only to assert an anticipatory defense.").[7]

21        Here, as in *Lear* and *Geni-Chlor Int'l*, this Court need not reach the question

22  of its subject matter jurisdiction because even assuming this Court has jurisdiction

23  "[i]n the declaratory judgment context, the normal principle that federal courts

24  should adjudicate claims within their jurisdiction yields to considerations of

25

---

26  [7]   In this context, the distinction between a stay and a dismissal is minimal.  Even
    where the federal action is stayed, rather than dismissed, a judgment in a state court
27  action ultimately would have preclusive effect.  Further, a stay will not prejudice the
    MRC Parties because if, for some reason, the state court fails to resolve this issue
28  ***and*** it remains viable (unlikely here), this action can proceed.  *Centennial*, 88 F.3d
    at 257, n. 1.

Mitchell
Silberberg &
Knupp LLP

4635735.3

13

**Notice of Motion and Motion to Dismiss**

practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.  The claim here is not in anticipation of an infringement action; it anticipates a defense that can be adjudicated in the State Action, the only forum that can determine whether it is even necessary to decide that issue and where all claims against all parties can be decided.  This presents precisely the type of case where the Court should exercise its "unique and substantial discretion" to decline to issue a declaratory judgment.  *Id.* at 286.

### Conclusion

For all the foregoing reasons, the Trust respectfully requests that this action be dismissed or stayed pending final resolution of the State Action.

DATED:  June 5, 2012

RUSSELL J. FRACKMAN
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Russell J. Frackman
Attorneys for Defendants