O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRC II DISTRIBUTION COMPANY L.P.; and OAKTREE ENTERTAINMENT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LAURA ARCHER DICK COELHO; ISOLDE FREYA DICK HACKETT; CHRISTOPHER KENNETH DICK; and DOES 1–10, inclusive, <br><br> Defendants. | Case No. 2:12-cv-03539-ODW(JCGx) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STAY [20]** |

Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) and Motion for Stay are pending before the Court.[1] (ECF No. 20.)

## I.  BACKGROUND

This case arises from a contract between Plaintiffs' predecessor in interest, Gorge Nolfi, and the Philip K. Dick Testamentary Trust (represented by Defendants), regarding the licensed use of Philip K. Dick's *Adjustment Team* short story. (Compl. ¶¶ 17, 19.) The parties formed a contract on May 23, 2001, where Defendants granted Nolfi an 18-month option to acquire the rights to *Adjustment Team* for use in film and

---

[1] Having carefully considered the papers filed in support of and in opposition to this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

other media in exchange for an initial monetary advance. (*Id.* ¶ 17.) Nolfi and Defendants subsequently extended the option's expiration date. (*Id.* ¶ 18.) On June 19, 2009, after acquiring the option from Nolfi, Plaintiffs exercised the option and paid the balance of the option-purchase price. (*Id.* ¶ 21.) To date, Plaintiffs have paid $1,612,500 to Defendants for rights to *Adjustment Team*. (*Id.*) In March of 2011, Plaintiffs released the motion picture *Adjustment Bureau*, starring Matt Damon and Emily Blunt, based on Philip K. Dick's *Adjustment Team*. (*Id.* ¶¶ 2, 22.)

Plaintiffs contend they later discovered that Defendants falsely represented that: they owned all rights to *Adjustment Team*; and *Adjustment Team* remained copyrighted and had not entered the public domain in the U.S. or elsewhere. (*Id.* ¶¶ 20, 23.) Plaintiffs argue that the U.S. Copyright for *Adjustment Team* expired in 1982 and was not renewed. (*Id.* ¶ 24.) This caused *Adjustment Team* to fall into the public domain, not just in the U.S., but in other jurisdictions abroad. (*Id.* ¶¶ 24–26.)

Defendants previously brought suit against Plaintiffs in this Court, seeking a determination of copyright validity and contract-related damages. Plaintiffs brought a motion there to dismiss the contract claims. The Court granted Plaintiffs' motion, and kept the copyright claim, but declined to exercise supplemental jurisdiction over the contract claims. *Coelho v. MRC II Distribution Co, L.P.*, No. 2:11-cv-8913-ODW(JCGx), slip op. at 6 (C.D. Cal. Feb. 8, 2012). Defendants then voluntarily dismissed that case without prejudice, and filed an action in state court against Plaintiffs, once against seeking contract-related damages. (Mot. 1.)

Plaintiffs then brought this action for declaratory relief, asking the Court to decide whether *Adjustment Team* entered the public domain, and if so, to declare that it is not copyrighted. (Opp'n 2.)

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Couch v. Telescope, Inc.*, 611 F.3d 629, 632 (9th Cir. 2010)

(quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

A Rule 12(b)(1) motion for lack of subject-matter jurisdiction may be brought as either a facial or factual attack. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* But, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.*

Further, in a Rule 12(b)(1) motion, the well-pleaded facts alleged in the complaint are taken as true. *Orsay v. U.S. Dep't of Justice*, 289 F.3d 1125, 1127 (9th Cir. 2002). But the court is not restricted to the face of the pleadings—the court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

## III. DISCUSSION

In a declaratory relief action, the Declaratory Judgment Act controls and provides that a federal court may declare the rights and other legal relations of any interested party seeking such declaration. 28 U.S.C. § 2201(a). But there must be an actual controversy:

> the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). District courts regularly take jurisdiction over declaratory judgment actions where "if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would

necessarily present a federal question." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 19 (1983).

And although the Declaratory Judgment Act confers jurisdiction to declare the rights and legal relations of any interested party, the court is not bound to hear the case; it has substantial discretion in exercising jurisdiction and may still dismiss the entire action. *MedImmune*, 549 U.S. at 136.

In this case, Plaintiffs seek a judicial declaration that *Adjustment Team* is in the public domain; and to the extent it is copyrighted, to declare that copyright invalid. (Compl. ¶¶ 29–31.) An action arises under federal copyright laws if and only if: (1) the complaint is for a remedy expressly granted by the Copyright Act; (2) a party asserts a claim requiring construction of the Copyright Act; or (3) the case implicates a distinctive policy of the Copyright Act requiring that federal principles control the disposition of the claim. *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988).

The parties' dispute over the validity of *Adjustment Team*'s copyright is not a hypothetical set of facts, but is rather a "definite and concrete" as well as a "real and substantial" claim for specific relief. *MedImmune*, 549 U.S. at 127. Previously, this Court noted that it has jurisdiction over this copyright issue:

> Both sides correctly argue that federal courts have original and exclusive jurisdiction in actions arising out of the federal Copyright Act. 28 U.S.C. § 1338(a). Plaintiff's peculiar declaratory cause of action requests the Court to determine whether *Adjustment Team* is or was in the public domain. Essentially, this is a limited request for a determination of validity of the copyright. Thus, the Court finds this cause of action is a federal question and the Court's jurisdiction over this narrow issue is proper.

*Coelho v. MRC II Distribution Co, L.P.*, No. 2:11-cv-8913-ODW(JCGx), slip op. at 3 (C.D. Cal. Feb. 8, 2012).

Defendants argue that the Court lacks jurisdiction because there is no case or controversy—Defendants do not threaten, and have never threatened, to sue Plaintiffs

for copyright infringement. (Mot. 5.) Defendants also assert that this copyright question is narrow and should be decided by the state court, since it is the underlying contract dispute that dominates the litigation between the parties. (Mot. 6–7.)

The Court disagrees. Although it may be true that Defendants do not now threaten Plaintiffs with copyright infringement, the validity of the *Adjustment Team* copyright remains an issue between the parties. And Plaintiffs have no guarantee that Defendants will not bring a copyright infringement suit against them in the near future.

But Defendants also argue that the copyright issue has no bearing on the parties' contract dispute because the contract terms are enforceable regardless of the validity of the copyright. (Mot. 8–9.) Plaintiffs, on the other hand, contend that the copyright continues to loom over the parties relationship, and may play a role in determining damages in the state court lawsuit.[2] (Compl. ¶ 27; Opp'n 15.) Yet, even if the contract terms are enforceable regardless of the validity of the copyright, the fact that Plaintiffs challenge the validity of a licensed copyright is sufficient for declaratory relief.

In *MedImmune*, a licensee paid demanded royalties to a patent holder "under protest and with a reservation of all of its rights," for a patent allegedly covering the licensee's top selling pharmaceutical product—a patent that the licensee believed to

---

[2] In the Court's previous order, it noted that Coelho's (the present Defendants) Complaint pleaded that the present Plaintiffs "have profited enormously from these benefits, none of which has anything to do with copyright." *Coelho v. MRC II Distribution Co, L.P.*, No. 2:11-cv-8913-ODW(JCGx), Compl. ¶ 66 (C.D. Cal. Oct. 27, 2011). The Court declined to exercise supplemental jurisdiction over the contract claims, in part because of the dominance of the contract issues and the relative unimportance of the copyright validity issue. But here, the parties are reversed, and Plaintiffs plead that the validity of the copyright plays an important role in resolving the underlying contract dispute. The Court's positions on the import of the copyright claim are inconsistent—but for good reason. This inconsistency stems from the rule that well-pleaded facts alleged in the complaint are taken as true. *Orsay*, 289 F.3d at 1127. Previously, Defendants were given the benefit of the doubt when they alleged in their Complaint that the copyright mattered not to the resolution of the contract dispute. But here, Plaintiffs are given the benefit of the doubt, because they allege that the validity of the copyright determines the pending state court contract action. (Compl. ¶ 27.)

be invalid. *MedImmune*, 549 U.S. at 121. Though the licensee continued to pay royalties, it filed a declaratory suit against the patent holder for patent invalidity. *Id.* at 122. The Supreme Court held that the licensee's payments did not preclude declaratory relief, and reiterated that a case or controversy exists "where payment of a claim is demanded as of right and where payment is made, but where the involuntary or coercive nature of the exaction preserves the right to recover the sums paid or to challenge the legality of the claim." *Id.* at 131. A licensee is not required "to break or terminate its . . . license agreement before seeking a declaratory judgment in federal court that the underlying patent is invalid, unenforceable, or not infringed." *Id.* at 137.

Here, the parties dispute the amounts to be paid (or refunded) in the underlying contract for *Adjustment Team*; and that determination is linked to the validity of the copyright. This situation mirrors the one discussed in *MedImmune*—the licensees seek relief from payments owed or made to their licensors, who control the viability of the licensees' products with (the licensees contend) invalid intellectual property. Thus, declaratory relief in this case is proper.

And since the Court finds that there is original jurisdiction under the Declaratory Judgment Act, Defendants' argument that the state court should adjudicate the copyright question is moot. Although a state court may rule on questions arising under copyright law, what we have here is a copyright case, separately filed in a federal court. *See Am. Harley Corp. v. Irvin Indus., Inc.*, 27 N.Y.2d 168, 173–174 (1970). The fact that the same copyright question may arise in the state court action as an affirmative defense is irrelevant and in no way deprives this Court of jurisdiction.

Further, if a state court was presented with a declaratory claim for copyright validity—as opposed to a mere defense or counterclaim—that state court would lack jurisdiction to decide that question. 28 U.S.C. § 1338(a) ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights."). Defendants cite cases to support

their theory that state courts may hear contract disputes or arbitrations relating to copyrighted materials. *See Saturday Evening Post Co. v. Rubmbleseat Press, Inc.*, 816 F.2d 1911 (7th Cir. 1987). Yet Defendants offer no support for the proposition that state courts have jurisdiction to adjudicate a declaratory claim for copyright invalidity. Instead, the Court finds that an action for declaratory judgment of copyright validity must be brought in federal court. 28 U.S.C. § 1338(a). And so Plaintiffs' action for declaratory relief is proper before this Court.

The Court also observes that in the previous case between the parties in this Court, Defendants took the position that the entire case—the copyright validity claim and the supplemental contract claims—should remain in this Court and not be dismissed. But now Defendants seek to dismiss this case. The Court declines to rule on this motion on judicial estoppel grounds, but notes Defendants' inconsistent positions.

Finally, the Court is unconvinced that a stay is proper under the circumstances. As discussed in the Court's previous order, the Court finds that judicial economy is best served by adjudicating the copyright claim in this Court and the remaining contract claims in state court. The limited determination of validity can be quickly achieved on summary judgment, and is likely to be resolved before any determination in the state court case—so long as the parties do their part here.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss and Motion to Stay.

**IT IS SO ORDERED.**

September 4, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**