RUSSELL J. FRACKMAN (SBN 49087)
  rjf@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MRC II DISTRIBUTION COMPANY, L.P., a Delaware Limited Partnership; OAKTREE ENTERTAINMENT, INC., a Delaware Corporation,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LAURA ARCHER DICK COELHO, as Trustee and Beneficiary of the Philip K. Dick Testamentary Trust; ISOLDE FREYA DICK HACKETT, as Beneficiary of the Philip K. Dick Testamentary Trust; CHRISTOPHER KENNETH DICK, as Beneficiary of the Philip K. Dick Testamentary Trust; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV 12 03539 ODW (JCGx)<br><br>Honorable Otis D. Wright, II<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT FOR DECLARATORY RELIEF;**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Laura Archer Dick Coelho, as Trustee and Beneficiary of the Philip K. Dick Testamentary Trust, Isolde Freya Dick Hackett, as Beneficiary of the Philip K. Dick Testamentary Trust, and Christopher Kenneth Dick, as Beneficiary of the Philip K. Dick Testamentary Trust (collectively "Defendants") answer the Complaint for Declaratory Relief as follows:

# INTRODUCTION

1. Answering paragraph 1, Defendants deny the allegations contained in the last two sentences of said paragraph. Defendants admit the remaining allegations contained in paragraph 1, and allege that at all times the Philip K. Dick Testamentary Trust (the "Trust") had valid and enforceable copyrights in all of the works of Philip K. Dick ("PKD").

2. Answering paragraph 2, Defendants allege that the Trust was a party to an agreement with George Nolfi, which in all respects speaks for itself; that the Trust was later informed that George Nolfi had assigned his rights to Plaintiff Oaktree Entertainment, Inc. ("Oaktree"); that Oaktree paid the Trust $1,400,000; and allege, on information and belief, that the Story was never published in Imaginative Tales in September 1955, was first published in Orbit Science Fiction in September 1954, as reflected on an official PKD website owned by the Beneficiaries and accessible to Plaintiffs, but that such publication was without the knowledge, consent or authorization of PKD. Except as expressly alleged herein, Defendants deny the allegations contained in paragraph 2, and specifically deny that the Story is in the public domain in the U.S. or any foreign territories.

3. Answering paragraph 3, Defendants admit and allege that on March 31, 2011, Plaintiffs sent a letter making a claim that the Trust had breached certain representations and warranties, and that the Trust denied that claim. Except as expressly admitted and alleged herein, Defendants deny the allegations contained in paragraph 3, and specifically deny that they breached any representations and warranties to Plaintiffs.

4. Answering paragraph 4, Defendants admit and allege that an order dated February 9, 2012, dismissing the Trust's state law claims, was entered by the Honorable Otis D. Wright, II, and that the order in all respects speaks for itself; and that thereafter the Trust dismissed the remainder of the lawsuit. Except as expressly

admitted and alleged herein, Defendants deny the allegations contained in paragraph 4.

## THE PARTIES

5. Answering paragraph 5, Defendants admit, on information and belief, the allegations contained in paragraph 5.

6. Answering paragraph 6, Defendants admit, on information and belief, the allegations contained in paragraph 6.

7. Defendants admit the allegations contained in paragraph 7.

8. Answering paragraph 8, Defendants admit that defendant Laura Archer Dick Coelho is a beneficiary of the Trust and a resident of Pleasanton, California. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 8.

9. Answering paragraph 9, Defendants admit that defendant Isolde Freya Dick Hackett is a beneficiary of the Trust and a resident of Redwood City, California. Except as admitted herein, Defendants deny the allegations contained in paragraph 9.

10. Answering paragraph 10, Defendants admit that defendant Christopher Kenneth Dick is a beneficiary of the Trust. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 10.

11. Defendants admit the allegations contained in paragraph 11.

12. Defendants deny the allegations contained in paragraph 12.

13. Answering paragraph 13, Defendants admit that the Defendants and DOES 1 through 10 inclusive, are sometimes referred to collectively in the Complaint as "Defendants," and deny that such collective designation is proper.

14. Defendants deny the allegations contained in paragraph 14.

## JURISDICTION AND VENUE

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. Answering paragraph 17, Defendants admit that the Picture is based upon the Story and was written and directed by George Nolfi; that the Picture was not theatrically released until March 2011, but that the project dates back nearly a decade earlier; and Defendants allege George Nolfi and the Trust entered into the "Option Agreement" dated as of May 23, 2001, in which George Nolfi and his representatives expressly signed off that he had verified and approved the chain of title for the Story; and that the "Option Agreement" in all respects speaks for itself. Except as expressly admitted and alleged herein, Defendants deny the allegations contained in paragraph 17.

18. Answering paragraph 18, Defendants admit that George Nolfi and the Trust entered into the identified amendments to the Option Agreement, and allege that the amendments in all respects speak for themselves. Except as expressly admitted and alleged herein, Defendants deny the allegations contained in paragraph 18.

19. Answering paragraph 19, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 19; and allege that the Acquisition Agreement in all respects speaks for itself. Except as expressly denied on information and belief and alleged herein, Defendants deny the allegations contained in paragraph 19.

20. Answering paragraph 20, Defendants allege that the Acquisition Agreement in all respects speaks for itself. Except as expressly alleged herein, Defendants deny the allegations contained in paragraph 20.

21. Answering paragraph 21, Defendants allege that on or about June 19, 2009, the Trust was advised that Oaktree was exercising the option under the Acquisition Agreement; and that significant compensation remains due to the Trust. Except as expressly alleged herein, Defendants deny the allegations contained in paragraph 21.

22. Defendants admit the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23, and specifically deny that the Story is in the public domain in any jurisdiction.

24. Answering paragraph 24, Defendants allege, on information and belief, that the Story first appeared in Orbit Science Fiction, the September-October 1954 edition; that such publication was not authorized by PKD, who was not aware of the publication until after it occurred; that had PKD known the true facts he would not have knowingly allowed the publication to occur; and that no renewal copyright registration was filed in 1982, or was necessary.  Except as expressly alleged on information and belief, Defendants deny the allegations contained in paragraph 24, and specifically deny that the Story is in the public domain.

25. Answering paragraph 25, Defendants admit and allege that in or about November 1983, the Beneficiary Defendants filed a renewal of copyright rights in numerous short stories of PKD, including the Story, and that such renewal in all respects speaks for itself.  Except as expressly admitted and alleged herein, Defendants deny the allegations contained in paragraph 25, and specifically deny that the Story is in the public domain.

26. Answering paragraph 26, Defendants allege, on information and belief, that the Story was first published, without PKD's knowledge or authorization, in Orbit Science Fiction in September 1954, and never published in Imaginative Tales. Except as expressly alleged on information and belief, Defendants deny the allegations contained in paragraph 26, and specifically deny that the Story is in the public domain in the United States or anywhere else.

27. Answering paragraph 27, Defendants admit and allege that on March 31, 2011, Plaintiffs sent a writing to Defendants making certain assertions which are set forth in that writing, and which Defendants deny; and that the parties thereafter entered into settlement negotiations intended to resolve their disputes. Except as expressly admitted and alleged herein, Defendants deny the allegations

contained in paragraph 27, and specifically deny that the Story had entered the public domain; that the Trust had breached any representations and warranties to Plaintiffs; and that the Trust in any way acted in bad faith.

28. Answering paragraph 28, Defendants admit and allege that on February 9, 2012, the Honorable Otis D. Wright entered an order dismissing the Trust's state law claims and making other findings as set forth in the order. Except as expressly admitted and alleged herein, Defendants deny the allegations contained in paragraph 28.

### FIRST CAUSE OF ACTION
(Declaratory Relief – Against All Defendants)

29. Answering paragraph 29, Defendants refer to and incorporate by reference each and every admission, denial, and allegation contained in paragraphs 1 through 28, inclusive.

30. Answering paragraph 30, Defendants admit that Plaintiffs make the allegations contained in that paragraph and deny each and every one of those allegations, including that the Story is in the public domain in the United States or any other international territory. Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

32. The complaint, and the purported claim therein, fails to state facts sufficient to constitute a claim for relief against Defendants, and each of them.

### SECOND AFFIRMATIVE DEFENSE
(Subject Matter Jurisdiction)

33. This Court lacks subject matter jurisdiction over the Complaint and the claim alleged therein.

THIRD AFFIRMATIVE DEFENSE

(Lack of Necessary or Indispensable Parties)

34. Plaintiffs have failed to join necessary or indispensable parties.

FOURTH AFFIRMATIVE DEFENSE

(Laches)

35. Plaintiffs' claim is barred as a result of their unreasonable delay, to the prejudice of answering Defendants.

FIFTH AFFIRMATIVE DEFENSE

(Waiver)

36. Plaintiffs have, through their own actions, conduct, and failure to act, waived any right to relief.

SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

37. Plaintiffs are estopped by their own conduct from maintaining their claim.

SEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

38. Plaintiffs' claim is barred as a result of their unclean hands.

WHEREFORE, Defendants pray that Plaintiffs take nothing by their Complaint; that Defendants be awarded their attorneys' fees and full costs; and for such other further relief the Court deems just and proper.

DATED: September 23, 2012         RUSSELL J. FRACKMAN
                                  MITCHELL SILBERBERG & KNUPP LLP


                                  By:/s/Russell J. Frackman
                                     Russell J. Frackman
                                     Attorneys for Defendants

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a jury trial in this action on all claims triable by jury.

DATED: September 23, 2012

RUSSELL J. FRACKMAN
MITCHELL SILBERBERG & KNUPP LLP


By  /s/Russell J. Frackman
    Russell J. Frackman
    Attorneys for Defendants