KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
MICHAEL J. KUMP (SBN 100983)
 mkump@kwikalaw.com
JEREMIAH T. REYNOLDS (SBN 223554)
 jreynolds@kwikalaw.com
808 Wilshire Boulevard, Third Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for Plaintiffs MRC II
DISTRIBUTION COMPANY L.P. and
OAKTREE ENTERTAINMENT, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MRC II DISTRIBUTION COMPANY L.P., a Delaware Limited Partnership; OAKTREE ENTERTAINMENT, INC., a Delaware Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>LAURA ARCHER DICK COELHO, as Trustee and Beneficiary of the Philip K. Dick Testamentary Trust; ISOLDE FREYA DICK HACKETT, as Beneficiary of the Philip K. Dick Testamentary Trust; CHRISTOPHER KENNETH DICK, as Beneficiary of the Philip K. Dick Testamentary Trust; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:12-cv-03539 ODW JCGx<br><br>**JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)**<br><br>Scheduling Conference<br><br>Date: December 3, 2012<br>Time: 1:30 p.m.<br>Judge: Hon. Otis D. Wright, II<br>Courtroom: 11 |

10021.00010/148831.1

JOINT REPORT OF PARTIES' PLANNING MEETING PURSUANT TO FRCP 26(f)

Plaintiffs MRC II DISTRIBUTION COMPANY L.P. and OAKTREE ENTERTAINMENT, INC. ("Plaintiffs"), and Defendants LAURA ARCHER DICK COELHO, as Trustee and Beneficiary of the Philip K. Dick Testamentary Trust; ISOLDE FREYA DICK HACKETT, as Beneficiary of the Philip K. Dick Testamentary Trust; and CHRISTOPHER KENNETH DICK, as Beneficiary of the Philip K. Dick Testamentary Trust ("Defendants"), hereby submit the following Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order of September 24, 2012 (Doc. No. 31).

1. **Jurisdiction and Venue.** Plaintiffs contend that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, on the grounds that the Complaint asserts claims arising under the United States Copyright Act, 17 U.S.C. § 101, *et seq*. Defendants contend that this Court lacks subject matter jurisdiction over this action because it does not present a case or controversy arising under the Copyright Act, but was filed to anticipate a defense in a pending state court action. There are no issues regarding personal jurisdiction or venue. All parties in this matter have been served and appeared.

2. **Anticipated Dispositive Motions.** The parties each anticipate bringing one or more motions for summary judgment and/or adjudication (or other dispositive motions). There are no prior or pending dispositive motions.

3. **Amended Pleadings.** The parties do not anticipate amending the pleadings to add additional parties, claims, or defenses.

4. **Initial Disclosures.** The parties will exchange initial disclosures pursuant to Rule 26(a) within fourteen days after the Scheduling Conference.

5. **Discovery.** The parties have already served written discovery. The parties anticipate additional discovery related to Defendants' contention that PKD did not authorize the publication of the Story in 1954, and Plaintiffs' contention that the Story is in the public domain in both the U.S. and "certain" foreign territories. The parties do not believe that any limitations or modifications of the discovery

rules are necessary.

Proposed Discovery Plan (Fed. R. Civ. Proc. 26(f)(3)):

(A) Neither party sees a need to change the default limitations on discovery (*e.g.*, number of depositions, timing of discovery, number of interrogatories, etc.) set out in the Federal Rules of Civil Procedure. If such a need arises, the parties will meet and confer in good faith and attempt to resolve their dispute. In the unlikely event that they are unable to resolve the dispute, they will bring a motion consistent with the Federal and Local Rules.

(B) The parties anticipate that there may be disputes regarding Defendants' recent responses to Plaintiffs' written discovery, including disputes as to whether an April 18, 2011 memorandum, prepared by Eric J. Schwartz, entitled "Copyright Protection for Philip K. Dick's 'Adjustment Team'" is inadmissible and/or shielded from discovery. The parties intend to further meet and confer to attempt to informally resolve their disputes before seeking relief from the Court.

(C) The parties at this time do not anticipate any disputes relating to the disclosure or discovery of electronically stored information. To the extent any issues arise, the parties will meet and confer in good faith to try to agree on appropriate measures for the production of electronically stored information (*e.g.*, file formats that are subject of discovery, search protocols and terms, etc.).

(D) No changes need be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules.

(E) The parties are unaware of any other orders that the Court should issue at this time under Rule 26(c) or Rules 16(b) and (c).

6. **Related Cases.** There is presently pending before the Los Angeles Superior Court, an action entitled *Laura Archer Dick Coelho, As Trustee Of The Philip K. Dick Testamentary Trust, v. MRC II Distribution Company, L.P., et al.*, Case No. BC483405, which involves the parties' state law claims, defenses and counter-claims.

7. **Proposed Schedule.**

(a) Discovery cutoff: April 30, 2013.

(b) Exchange of Expert Reports: May 30, 2013

(c) Exchange of Expert Rebuttal Reports: June 30, 2013

(d) Expert Discovery cutoff: July 31, 2013

(e) Motion cutoff: September 2, 2013

(f) Final pretrial conference: September 30, 2013.

(g) Trial: October 15, 2013. Plaintiffs' Estimated Length of Trial: 1-3 days: Defendants' Estimated length of trial: 3-4 days.

8. **Trial Issues and Order of Proof.**

Plaintiffs' Statement: Plaintiffs believe that their declaratory relief claim regarding whether the Story is in the public domain can be resolved via motion for summary judgment. In any event, Plaintiffs do not believe Defendants are entitled to a jury trial as to whether the Story is in the public domain.

Defendants' Statement: Defendants believe that the declaratory relief claim regarding whether the Story is in the public domain in the United States presents issues of fact concerning, among other things, whether the Story was first published without the authority of Philip K. Dick, and whether the first authorized publication of the Story remains protected under United States copyright law. Defendants believe that whether or not the Story is in the public domain in "certain" foreign territories (as alleged by Plaintiffs) is subject to a motion for summary judgment based on the applicability of the Berne Convention. Defendants contend that they are entitled to a jury trial because the declaratory relief claim arises from and is in reality a defense to Defendants' claim for damages for breach of contract and/or Plaintiff's cross-complaint for damages for breach of contract.

9. **Settlement Efforts.** The parties have engaged in substantial settlement discussions, including among client representatives and counsel, but have been unable to reach a settlement. Under Local Rule 16-15.4, the parties elect to use

Settlement Procedure No. 3 and use a private mediator.

10. **Complexity.** This case is not complex and does not require use of the procedures set forth in the Manual on Complex Litigation.

11. **Severance, Bifurcation, or Other Ordering of Proof.** Plaintiffs do not propose severing or bifurcating trial at the present time. Defendants propose bifurcating the issues of whether the Story is in the public domain in the United States from the issues of whether the Story is in the public domain in international territories, and trying the issue of whether the Story is in the public domain in international territories first. Plaintiffs are willing to consider proposals to potentially bifurcate the issue of whether the Story is in the public domain in the U.S. from the issues of whether the Story is in the public domain internationally.

Respectfully submitted,

DATED: November 19, 2012    KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: /s/ Michael J. Kump
Michael J. Kump
Attorneys for Plaintiffs MRC II DISTRIBUTION COMPANY L.P. and OAKTREE ENTERTAINMENT, INC.

DATED: November 19, 2012    MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Russell J. Frackman
Russell J. Frackman
Attorneys for Defendants LAURA ARCHER DICK COELHO, as Trustee and Beneficiary of the Philip K. Dick Testamentary Trust, et al.